UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS FIGUEROA, | * |
| Petitioner, | * |
| v. | * Civil Action No. 14-cv-10320-IT |
| MICHAEL CORSINI, | * |
| Respondent. | * |

ORDER

November 13, 2014

TALWANI, D.J.

Presently before this court is Petitioner Luis Figueroa's Motion for Reconsideration to Appoint Counsel [#21]. As set forth in this court's July 25, 2014 Order [#18], a party to a civil proceeding generally lacks a constitutional right to free counsel.[1] Nevertheless, this court has authority to appoint an attorney for an eligible individual seeking habeas relief under 28 U.S.C. § 2254 if "the interests of justice so require."[2] In making the determination whether to appoint counsel, a court must consider the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[3]

Appointment of counsel is not warranted in this case. In support of his motion, Petitioner states that he has "no legal training or knowledge." Lack of legal training, however, is

---

[1] See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).

[2] 18 U.S.C. § 3006A(a)(2)(B).

[3] See DesRosiers, 949 F.2d at 24; Cookish, 787 F.2d at 3.

insufficient to warrant the appointment of counsel.[4]  The sole ground for relief set forth in Petitioner's § 2254 petition is that the Commonwealth failed to prove the existence of a "criminal proceeding," within the meaning of the Massachusetts Witness Intimidation Statute, at the time the Defendant made his allegedly misleading statements to his parole officer.  Petitioner will be required to undertake little factual investigation to develop this claim.  Similarly, Petitioner has not demonstrated that the factual and legal issues are complex.  Finally, Petitioner appears adequately equipped to present his case.  His filings with this court are coherent and inform the court of the relief he seeks.

For the foregoing reasons, Petitioner's Motion for Reconsideration to Appoint Counsel [#21] is DENIED.  Petitioner's Motion for an Enlargement of Time to Allow Petitioner to Attain Legal Assistance to Answer or Otherwise Respond to Respondent's Motion to Dismiss [#23] is ALLOWED.  The court hereby ORDERS that Petitioner shall file a response to Respondent's Motion to Dismiss [#11] by December 15, 2014.  The court reminds Petitioner that failure to comply with court orders may result in default or dismissal.

IT IS SO ORDERED.

Date: November 13, 2014

/s/ Indira Talwani
United States District Judge

---

[4] Lucien v. Spencer, 534 F. Supp. 2d 207, 209–10 (D. Mass. 2008) (citing DesRosiers, 949 F.2d at 23–24; Cookish, 787 F.2d at 2–3).